IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA BAILEY,

     Plaintiff,

v.                                                   No. 2:25-cv-00291-KG-GJF

JAMES HAMMOND and
MATTHEW RAY,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Matthew Ray's motions to dismiss Plaintiff

Andrea Bailey's complaint for lack of jurisdiction, Doc. 6, and failure to state a claim, Doc. 12.

Mr. Ray removed this action from state court pursuant to 28 U.S.C. § 1442(a)(1). *See* Doc. 2.

Ms. Bailey has not responded to either motion. For the reasons below, the Court dismisses the

complaint without prejudice. Ms. Bailey shall file an amended complaint within 21 days of this

Order that complies with the pleading standards described below.

### I.    *Background*

Ms. Bailey's complaint is brief. Appearing pro se, she alleges that a "S.W.A.T. Team"

caused "damages" through a "dynamic entry through all gates [and] doors." Doc. 1-2 at 3. She

seeks compensation for "$10,000 dollars in lawful firearms" taken "under color of law without

warrant" which have not been returned to her "after years of pleading." *Id.* She seeks $10,000

and court costs. *Id.*

Mr. Ray, an agent from the Federal Bureau of Investigations ("FBI"), has filed two

motions to dismiss Ms. Bailey's complaint. First, he moves to dismiss any official-capacity

claim under Rule 12(b)(1), arguing that the Court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction and because the United States has not waived sovereign immunity for Ms. Bailey's claims. *See* Doc. 6. Second, he moves to dismiss Ms. Bailey's individual-capacity claim under Rule 12(b)(6), arguing that the Court should not extend the *Bivens* doctrine to the circumstances alleged. *See* Doc. 12.

## II.    *Standards of Review*

A Rule 12(b)(1) motion to dismiss may present either a facial or factual challenge to subject-matter jurisdiction. A movant may "make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint," *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 547 (10th Cir. 2001), or "present[] evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). When assessing subject-matter jurisdiction, the Court has "wide discretion to" consider "other documents" beyond the complaint. *Shawnee Indians*, 253 F.3d at 547.

To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible only when the plaintiff pleads factual content allowing the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Well-pleaded allegations are accepted as true and viewed in the plaintiff's favor, but "conclusory allegations, unwarranted inferences, [and] legal conclusions" are not credited. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

The Court must "construe a pro se plaintiff's pleadings liberally." *Mapp v. Dovala*, 138 F.3d 1335, 1337 (10th Cir. 1998). However, the Court will "not assume the role of advocate, and conclusory allegations without supporting factual averments are insufficient." *Id.*

### III. Analysis

Construing Ms. Bailey's pleadings liberally, the Court considers whether she states claims against Mr. Ray in his official and individual capacities. The Court dismisses her (A) official-capacity claim for lack of subject-matter jurisdiction and (B) individual-capacity claim for failure to allege Mr. Ray's personal participation in the alleged constitutional violation.

### A. Ms. Bailey's official-capacity claim fails.

The Court grants Mr. Ray's Rule 12(b)(1) motion and dismisses Ms. Bailey's official-capacity claim. "An action against a federal official in his official capacity is actually a suit against the sovereign—the United States." *Peterson v. Timme*, 621 Fed. Appx 536, 541 (10th Cir. 2015) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)). The United States is immune from suit unless it has waived sovereign immunity, and such a waiver "must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Accordingly, "a party seeking to bring a claim against a federal official acting in his or her official capacity—and therefore the United States—must identify a specific waiver of immunity in order to establish jurisdiction." *Peterson*, 621 Fed. Appx at 541. Ms. Bailey's complaint identifies no such waiver. The Court therefore lacks subject-matter jurisdiction over the official-capacity claim and dismisses it without prejudice. Ms. Bailey may amend her complaint if she can identify a waiver establishing the Court's jurisdiction.

**B.      *Ms. Bailey's individual-capacity claim fails.***

The Court also dismisses Ms. Bailey's claim against Mr. Ray in his individual capacity for failure to allege personal participation.  In a *Bivens* action, a plaintiff has a "private right of action for damages against federal officers" that violate the plaintiff's constitutional rights. *Iqbal,* 556 U.S. at 675.  To state a *Bivens* claim, the plaintiff must show that each defendant violated that constitutional right through his or her "own individual actions."  *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).  It is therefore "incumbent upon a plaintiff to identify specific actions taken by particular defendants" to state "a viable...Bivens claim."  *Id.* at 1226.

Ms. Bailey fails to allege Mr. Ray's personal participation in the alleged constitutional violation.  She states that a "S.W.A.T. Team" conducted a "dynamic entry" and seized firearms and ammunition which have not been returned to her "after years of pleading."  Doc. 1-2 at 5. Ms. Bailey fails to allege who Mr. Ray is or how he is connected to this action.  Specifically, she does not allege that Mr. Ray was a member of the S.W.A.T. team, participated in the search or seizure, or was responsible for the alleged failure to return the property.  Nor does she identify the constitutional right Mr. Ray allegedly violated.  These allegations do not plausibly show that Mr. Ray personally violated Ms. Bailey's constitutional rights.  The Court grants Mr. Ray's Rule 12(b)(6) motion and dismisses the individual-capacity claim without prejudice.  Ms. Bailey may amend her complaint if she can allege facts identifying both the constitutional violation and Mr. Ray's personal participation in that violation.

Mr. Ray also argues that dismissal is warranted because *Bivens* does not extend to the circumstances alleged.  *See* Doc. 12 at 6–7.  That argument is premature.  Ms. Bailey's complaint does not clearly identify the constitutional right she claims was violated or the legal theory supporting her claim.  Without a well pleaded constitutional violation, the Court cannot

4

determine whether this case presents a new *Bivens* context.  The Court declines to reach Mr.

Ray's *Bivens* argument at this stage.

## IV.      *Conclusion*

The Court grants Mr. Ray's motions, Docs. 6 and 12, and dismisses the complaint

without prejudice.  Ms. Bailey shall file an amended complaint within 21 days of this order that

includes:

a.  A short, plain statement of each cause of action that she intends to bring in this lawsuit,

   including references to the specific statute or legal right allegedly violated;

b.  Succinct and specific factual allegations supporting each claim set out in numbered

   paragraphs;

c.  Identification of what each defendant allegedly did and when; and

d.  Identification of how each defendant's conduct allegedly harmed her.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.