**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANDREA BAILEY

Plaintiff,

v. No. 2:25-cv-00291-KG-GJF

JAMES HAMMOND,
Department of Public Safety,

Defendant.

**ORDER TO SHOW CAUSE AND ORDER FOR AMENDED COMPLAINT**

On December 12, 2024, Plaintiff filed a Complaint against Defendants James Hammond and Mathew Ray in the Catron County Division 1 Magistrate Court. Doc. 1-2. On March 21, 2025, Defendant Mathew Ray removed Plaintiff's Complaint to this Court pursuant to 28 U.S.C. §1442(a)(1) because the allegations included claims for actions done in the course of Special Agent ("SA") Ray's duties as a federal officer. Doc. 1 at 1–2.

***I. Background***

After this case was removed from state court, SA Ray filed two Motions to Dismiss, *see* Docs. 6; Doc. 12, which the Court granted without prejudice, Doc. 15. In the Court's Memorandum Opinion and Order granting SA Ray's Motions to Dismiss, the Court allowed Plaintiff 21 days to file an amended complaint. Doc. 15 at 5. Plaintiff did not file an amended complaint. On September 30, 2026, the Court issued an Order to Show Cause as to whether this case should be remanded to Catron County Division 1 Magistrate Court following the dismissal of SA Ray. Doc. 18. Defendant Hammond responded that the Complaint arises from actions "not based on State authority but arising out of a federal case number." Doc. 19 at 2. Plaintiff did not respond to the Order to Show Cause, Doc. 18.

Plaintiff's Complaint is two sentences. Doc. 1-2 at 3. The Complaint alleges that "$10,000 dollars in lawful firearms under color of law without warrant. Refusal to return fire arms [sic] and ammunition to me, the proper owner after years of pleading." *Id.* Officer Hammond is a New Mexico State Police Officer who Plaintiff has named as a defendant. Other than naming Officer Hammond in the caption, the Complaint makes no mention of him.

## *II. Analysis*

On the face of the Complaint, this case should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *Evitt v. Durland*, 242 F.3d 388, *2 (10th Cir. 2000) ("[E]ven if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte[.]" (internal quotation marks omitted)) (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988)). The Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure, nor does it allege any facts which indicate this Court has subject matter jurisdiction.

The Complaint should also be dismissed for failure to state a claim. The caption of the Complaint appears to assert claims against both SA Ray and Officer Hammond. The allegations in the Complaint, however, fail to state with any particularity the Defendants' involvement in the allegation made by the Plaintiff or when the alleged seizure of firearms took place. Even construed liberally, as this Court must do for pro se plaintiffs, the Complaint fails to meet the required pleading standard. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated."); *see also Mapp v. Dovala*, 138 F.3d 1335, 1337 (10th Cir. 1998) (holding the Court must "construe a pro se plaintiff's pleadings liberally.").

Plaintiff shall show cause why the Court should not dismiss this case for lack of subject matter jurisdiction and for failure to state a claim. If Plaintiff asserts that this case should not be dismissed, Plaintiff must file an amended complaint that states a claim over which the Court has jurisdiction.

## *III. Notice*

The Court notifies Plaintiff, who is proceeding pro se, of the following: generally, pro se litigants are held to the same standards of professional responsibility as trained attorneys. It is a pro se litigant's responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico (the "Local Rules"). Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019); *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (noting that pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). The Local Rules, the Guide for Pro Se Litigants, and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

## *IV. Conclusion*

IT IS ORDERED that:

1. Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for the reasons discussed above. Failure to show cause may result in dismissal of this case.

2. If Plaintiff contends this court has jurisdiction, Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to file an amended complaint may also result in dismissal of this case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.